GRACE A. HENSHAW, Appellant, v. JOHN H. ROWLAND, Respondent.

The obligation of a common carrier to give notice to the consignee of the arrival of goods, may be waived by the agreement of the parties.

Defendant, a city expressman, agreed to take a trunk for plaintiff and leave it at the N. H. R. R. depot, in New York, about one P. M. of that day. He carried the trunk to the depot and left it in the baggage-room a few minutes after one P. M. This was the only place provided by the railroad company for the receipt of baggage which was not taken into its charge until checked. Plaintiff was not at the depot when the trunk arrived, and when she came it could not be found. In an action to recover for the loss, *held*, that defendant performed his contract and was not liable.

(Argued March 20, 1873; decided June term, 1873.)

APPEAL from judgment of the General Term of the Supreme Court in the second judicial department, affirming a judgment in favor of defendant entered upon a verdict.

This action was brought against defendant as a common carrier to recover for the loss of a trunk and contents. The facts are sufficiently stated in the opinion. The court directed a verdict for defendant.

*John M. Martin* for the appellant. Defendant's responsibility is the same in all respects as that of a common carrier. (*Belger* v. *Dinsmore*, 51 Barb., 69.) This liability does not rest on his contract, but is imposed by law. (*Merritt* v. *Earle*, 29 N. Y., 115, 122.) Under this liability it is his duty to deliver baggage and other parcels to the persons to whom they are directed. (*Haslam* v. *Adams' Ex. Co.*, 6 Bosw., 235, 244; *Platt* v. *Wills*, 2 Robt., 101, 116; *Hollister* v. *Voorhies*, 19 Wend., 234; *Gibson* v. *Culver*, 17 id., 305, 307.) In the case of baggage it is his duty to keep it until called for; and if not called for, to adopt proper safeguards to prevent loss. (*Burnell* v. *N. Y. C. R. R. Co.*, 45 N. Y., 184, 188; *Redmond* v. *L., N. Y. and P. S. Co.*, 46 id., 578, 583; *Sunderland* v. *Westcott*, 40 How. Pr., 468; *Mott* v. *Chicago*

*R. R. Co.*, 27 Iowa, 22; *Winslow* v. *Vt. and Mass. R. R. Co.*, 42 Vt., 700; *Dininny* v. *N. Y. and N. H. R. R. Co.*, 7 Al. L. J., 90, Ct. of Appeals, 1873; *Graves* v. *H. and N. Y. S. Co.*, 12 Am. L. Reg., 1; *Goodwin* v. *B. and O. R. R. Co.*, 58 Barb., 195; *T. W. and W. R. R. Co.* v. *Hammond*, 33 Ind., 379; *Mills* v. *Mich. C. R. R. Co.*, 45 N. Y., 622, 625.) Plaintiff was entitled to the verdict of a jury, and it was error for the justice to direct a verdict. (*Woodin* v. *Austin*, 51 Barb., 9; *Ernst* v. *H. R. R. R. Co.*, 35 N. Y., 9, 48; *Burtis* v. *Buff. and S. L. R. R. Co.*, 24 id., 269, 270; *Labar* v. *Koplin*, 4 Comst., 547, 549; *Bridgeport City Bk.* v. *Em. S. D. Co.*, 3 Barb., 421, 425.)

*Geo. G. Reynolds* for the respondent. Under the contract with plaintiff, defendant, by leaving the trunk at the depot for plaintiff, properly discharged his duty. (*Thomas* v. *B. and R. R. R. Co.*, 10 Met., 472; 1 Pars. on Con. [4th ed.], 672, 673; *Gibson* v. *Culver*, 17 W., 305; *F. and M. Bk.* v. *Champ. Tpk. Co.*, 16 Vt., 52; 18 id., 131; 23 id., 186, and note; 6 Hill, 158.)

JOHNSON, C. The case of *Gibson* v. *Culver* (17 Wend., 305), shows that a custom duly established will warrant a carrier of goods consigned to an individual by name at a particular town or city, in leaving such goods at his own usual stopping place in such town without any notice to the consignee. If this may be warranted by usage there can be no difficulty in upholding a similar limit upon the obligation of the carrier when it is in complete accordance with the contract of the parties. The defendant in this case was a city expressman from Brooklyn to New York. He was employed by the plaintiff, according to her own testimony and that of her husband, to take her trunk in Brooklyn, at about nine o'clock in the morning and to leave it at the New Haven depot in New York in time for the plaintiff to take it on the three o'clock train, and was told by them to have it there by one o'clock, and he promised that it should be there about

that time. The trunk was accordingly taken to the depot a few moments after one o'clock, and was deposited in the baggage-room, and the carrier left it, and went about his other business. This baggage-room was the only place provided by the railroad company for the receipt of baggage, which was never taken into its charge inside the counter until checked for a passenger presenting a passage ticket. The plaintiff was not at the depot when the baggage arrived, and when she and her husband came between two and three o'clock it could not be found, and has not been since recovered. The testimony is in respect to the terms of the contract in exact agreement with the allegation of the complaint. It alleges the contract to be to carry to the depot, and there, to wit, at the depot, to be delivered safely and securely for (not to) the plaintiff. There can be no question that the defendant did in this case exactly what he was expected to do by the plaintiff when the trunk was delivered to the defendant. She expected the trunk to be left at the depot in the baggage-room ; and did not expect herself, or by any one on her behalf, to be in attendance to receive it, nor that the expressman would remain in charge of it, she having paid for the carriage when the trunk was given to him, and gone to the depot early in order to have time to look it up. Under the contract proved by the plaintiff and her husband, the defendant fully discharged his duty. There was no conflict of evidence either as to the delivery of the trunk at the depot by the defendant, or as to the terms of the contract between the parties in this case, and the court committed no error in directing a verdict for the defendant.

What might be the rule of liability of city expressmen in the absence of a specific bargain must remain to be considered when such a case is presented.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.